1  PHILIP A. HOHENLOHE
   LAW OFFICE OF PHILIP HOHENLOHE, PLLC
2  316 Fuller Ave.
   P.O. Box 1959
3  Helena, MT 59624
   Telephone: (406) 443-4601
4  Facsimile: (406) 443-4602
   e-mail: phil@hohenlohelaw.com
5

**FILED**

MAR 16 2020

6  Attorney for Petitioner

ANGIE SPARKS, Clerk of District Court
By_____Deputy Clerk

7

8

9

10            MONTANA FIRST JUDICIAL DISTRICT COURT
                    LEWIS AND CLARK COUNTY

**INDEXED**

11

12

13  AMY LOWERY,



Clerk, U.S. Courts
District of Montana
Helena Division

14            Petitioner,

15                                        Judge Seeley

16      vs.                              Cause No. CDV-2020-297

                                         CV-20-47-M-DWM

17  SARENS USA, INC.; and MONTANA HUMAN    **FIRST AMENDED PETITION FOR**
    RIGHTS COMMISSION                      **REVIEW OF FINAL AGENCY**
18                                         **DECISION, AND FOR**
            Respondents.                   **ENFORCEMENT AND FOR**
19                                         **ATTORNEY FEES AND COSTS**

20          Pursuant to Mont. R. Civ. P. 15(a)(1), Petitioner Amy Lowery files this First Amended

21  Petition, which amends her petition filed in this court on March 10, 2020. Amendment is

22  permitted as a matter of course under Rule 15(a)(1), as it has been less than 21 days since service

23  of the petition, and no responsive pleading has been filed. The only change to the original

24  petition is to add the Montana Human Rights Commission as a Respondent.

25          1.      Petitioner Amy Lowery was the prevailing party in a contested case hearing before

26  a Department of Labor and Industry Hearing Officer pursuant to the Montana Human Rights Act,

27  § 49-2-101, et seq., MCA. The Hearing Officer awarded Lowery $50,000 for emotional distress

28

827510                                                              3

1  damages incurred as a result of sexual harassment while she was employed by Respondent. Both

2  parties sought review by the Montana Human Rights Commission, which issued a Final Agency

3  Decision affirming the Hearing Officer's decision. Petitioner Amy Lowery is now seeking review

4  of the decision because the Hearing Officer failed to award lost wages for retaliatory termination,

5  and because the Hearing Officer erred in awarding only $50,000 for emotional distress damages.

6  In addition, Petitioner seeks attorneys fees and costs pursuant to the Montana Human Rights Act,

7  § 49-2-505(8), MCA, and enforcement of the Final Agency Decision pursuant to § 49-2-508.

8

9  ## JURISDICTION AND VENUE

10      2.      This Court has jurisdiction over the petition for review pursuant to §§2-4-702 and

11  49-2-505, MCA. This Court has jurisdiction over the petition for enforcement pursuant to §§ 49-

12  2-505 and 49-2-508, MCA. Finally, Section 49-2-505(8), MCA, authorizes the prevailing party

13  to bring an action in district court for attorney fees and costs.

14      3.      Venue is proper in this Court pursuant to §2-4-702(2)(a), MCA because the

15  agency whose decision is under review maintains its principal office in Helena, Montana, in

16  Lewis and Clark County.

17  ## PARTIES

18      4.      Petitioner Amy Lowery ("Lowery") was the Charging Party in Human Rights

19  Case No. 0180086. She is a resident of Downingtown, Pennsylvania. Until her termination,

20  Lowery was employed by Respondent at its place of business in Missoula, Montana.

21      5.      Respondent Sarens USA, Inc. ("Sarens") is a California corporation with its

22  principal office in Houston, Texas, and an office in Missoula, Montana. Sarens was the

23  Respondent in Human Rights Case No. 0180086. The Montana Human Rights Commission is a

24  Montana agency which issued the final decision in Human Rights Case No. 0180086.

25

26  ## FACTS

27      6.      Lowery filed a pro se complaint with the Montana Human Rights Bureau against

28  Sarens on December 11, 2017. Lowery alleged that Sarens violated her rights under § 49-2-303,

First Amended Petition for Review, Enforcement, and Fees       **PAGE 2**

1  MCA, to be free from employment discrimination based on sex. Specifically, she alleged that she
2  had been subjected to sexual harassment in the form of a hostile work environment. In addition,
3  she alleged that she had been terminated in retaliation for reporting the harassment, in violation
4  of § 49-2-301, MCA. The case was docketed as No. 0180086.

5      7.      After investigation, the Human Rights Bureau determined on June 8, 2018, that
6  there was reasonable cause to believe discrimination and retaliation had occurred. On June 15,
7  2018, the undersigned counsel agreed to represent Lowery. After the conciliation period, the case
8  was referred to the Department of Labor and Industry ("DLI") for a contested case hearing
9  pursuant to § 49-2-505, MCA.

10      8.      DLI Hearing Officer Caroline A. Holien held a contested case hearing on
11  Lowery's complaint on January 29 and 30, 2019, in Missoula, Montana. The Hearing Officer
12  issued her Decision on September 20, 2019, granting judgment in favor of Lowery. She found
13  that Lowery was subjected to sexual harassment in the form of a hostile work environment by a
14  supervisor Mark Watson, and that Sarens was liable for the harassment. Despite overwhelming
15  evidence that Lowery suffered extreme emotional distress, the Hearing Officer awarded only
16  $50,000 in emotional distress damages. The Hearing Officer ordered Sarens to pay Lowery
17  within 30 days. The Hearing Officer also ordered Sarens to comply with certain affirmative relief
18  designed to prevent future discrimination. A copy of the Hearing Officer's Decision is attached
19  as Exhibit A and is incorporated herein by reference.

20      9.      The Hearing Officer also found as a matter of law that Lowery was the prevailing
21  party for purposes of receiving attorney fees and costs.

22      10.     Despite overwhelming evidence that Lowery was fired for complaining about the
23  harassment, the Hearing Officer determined that Lowery had not been terminated for
24  complaining about the harassment. Thus the Hearing Officer did not award any lost wages
25  stemming from Lowery's termination.

26      11.     Both sides sought review by the Montana Human Rights Commission. After
27  briefing and oral argument, the Human Rights Commission affirmed the Hearing Officer's
28  Decision in its entirety. The Commission issued its Final Agency Decision on February 13, 2020.

First Amended Petition for Review, Enforcement, and Fees            PAGE 3

1   A copy of the Commission's Final Agency Decision is attached as Exhibit B and is incorporated
2   herein by reference.

3       12.     Sarens has not paid any of the judgment to date.

4

5                          **COUNT I (Petition for Review)**

6       13.     Petitioner reincorporates herein the allegations in Paragraphs 1-12.

7       14.     Petitioner has exhausted all administrative remedies available within the agency
8   and has received a final written decision in a contested case.

9       15.     Petitioner is aggrieved by the Commission's final decision because the
10  Commission failed to award more than $50,000 for emotional distress damages.

11      16.     Petitioner is aggrieved by the Commission's final decision because the
12  Commission failed to reverse the Hearing Officer's determination that Petitioner was not
13  terminated in retaliation for reporting discrimination.

14      17.     The Commission prejudiced the substantial rights of Petitioner because the
15  administrative findings, inferences, conclusions and/or decisions were:  in violation of
16  constitutional or statutory provisions; made upon unlawful procedure; affected by errors of law;
17  clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record;
18  and arbitrary and capricious and characterized by abuse of discretion or clearly unwarranted
19  exercise of discretion.

20      18.     Petitioner demands that the administrative decision be reversed and modified to
21  increase the emotional distress damages to at least $100,000, and to award lost wages, with
22  interest, of no less than four years.

23      19.     Pursuant to §2-4-704(1), MCA, Petitioner intends to request that the Court receive
24  written briefs and hear oral argument on this petition for review.

25

26                   **COUNT II (Petition for Attorney Fees and Costs)**

27      20.     Petitioner reincorporates herein the allegations in Paragraphs 1-19.

28

First Amended Petition for Review, Enforcement, and Fees                    PAGE 4

1    21.    Petitioner is the prevailing party in a contested case hearing before the DLI under

2    the Montana Human Rights Act in Human Rights Case No. 0180086 and is therefore entitled to

3    her reasonable attorney fees and costs pursuant to § 49-2-505(8), MCA. Petitioner is entitled to

4    her fees and costs to date and all future fees and costs in this matter.

5    22.    As of March 2, 2020, the undersigned counsel has spent 199.6 hours on this

6    matter. At a reasonable hourly rate of $350 per hour, the attorney fees as of March 2, 2020, are

7    therefore $69,860. In addition, as of March 2, 2020, Petitioner's counsel has incurred costs in

8    this matter in the amount of $5,550.78, for which he has been reimbursed by Petitioner. In

9    addition, Petitioner has personally incurred substantial costs in this matter. Petitioner continues

10   to incur attorney fees and costs in connection with this Petition and is also entitled to any

11   additional fees and costs incurred after March 2, 2020. After briefing and argument on the

12   Petition for Review (Count I), Petitioner intends to file a Motion for Attorney Fees and Costs

13   describing more fully the costs and fees at that time.

14

15                     **COUNT III (Petition for Enforcement)**

16   23.    Petitioner reincorporates herein the allegations in Paragraphs 1-22.

17   24.    Sarens has failed to comply with the Final Agency Decision. Accordingly, Sarens

18   is subject to an order of enforcement pursuant to § 49-2-508, MCA.

19   25.    Petitioner requests that an order of enforcement be entered following a decision

20   on the Petition for Review contained in Count I.

21

22    WHEREFORE, the Petitioner, Amy Lowery, respectfully requests that the Court grant

23   this petition and issue an order/orders which provides that:

24

25   A.    The administrative decision prejudiced the substantial rights of Petitioner because

26        the administrative findings, inferences, conclusions and/or decisions were:  in

27        violation of constitutional or statutory provisions; made upon unlawful procedure;

28        affected by errors of law; clearly erroneous in view of the reliable, probative, and

First Amended Petition for Review, Enforcement, and Fees            PAGE 5

1    substantial evidence on the whole record; and arbitrary and capricious and

2    characterized by abuse of discretion or clearly unwarranted exercise of discretion.

3    B.    The administrative decision be reversed and modified to award Petitioner no less

4    than four years of lost wages, with interest, and at least $100,000 in emotional

5    distress damages;

6    C.    Petitioner, as the prevailing party,  be awarded her fees and costs, with interest, in

7    prosecuting this action, pursuant to Section 49-2-505(8), MCA.

8    D.    Judgment be entered against Sarens, ordering it to pay the full amount awarded by

9    the revised administrative decision, with interest, and Petitioner's attorney fees

10    and costs, and ordering Sarens to comply with the affirmative and injunctive relief

11    ordered by the Hearing Officer.

12    E.    Petitioner be awarded such other relief as the Court deems just and equitable.

13

14    Signed and submitted this 16th day of March, 2020

15    LAW OFFICE OF PHILIP HOHENLOHE, PLLC

16

17

18    By: _____

19    PHILIP A. HOHENLOHE
     (Attorney for Petitioner)

20

21

22

23

24

25

26

27

28

First Amended Petition for Review, Enforcement, and Fees            PAGE 6

1    CERTIFICATE OF SERVICE

2    The undersigned certifies that on the $\mathcal{I}\mathcal{I}^{th}$ day of March , 2020, a true and accurate copy
3    of this First Amended Petition for Review of Final Agency Decision, and for Enforcement and
     for Attorney Fees and Costs, in the above entitled case was served in accordance with Rule 5,
4    M.R.Civ.P., by first class mail, postage prepaid, upon:

5    Micah Dawson
     Fisher & Phillips, LLP
6    1801 California St., Suite 2700
     Denver, CO 80202
7
     Amanda Marvin
8    Marvin Law Office, PLLC
     P.O. Box 10699
9    Kalispell, MT 59901

10   Human Rights Commission
     P.O. Box 1728
11   Helena, MT 59624

12   Department of Labor and Industry – Legal Services Bureau
     P.O. Box 1728
13   Helena, MT 59624

14   Office of the Attorney General for the State of Montana
     P.O. Box 201401
15   Helena, MT 59620-1401

16

17                         JILL SANCHEZ

18

19

20

21

22

23

24

25

26

27

28

First Amended Petition for Review, Enforcement, and Fees          PAGE 7