IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| SARENS USA, INC., | Lead Case No. |
| | CV 20–47–M–DWM |
| Plaintiff, | |
| | Member Case No. |
| vs. | CV 20–60–M–DWM |
| AMY LOWERY, | ORDER |
| Defendant. | |

On January 8, 2021, this Court entered an Opinion and Order that affirmed an agency decision in Lowery's favor, awarded her $50,000 in emotional distress damages, and remanded the matter of attorney fees to the agency. (*See* Doc. 28.) Judgment was entered consistent with that decision. (*See* Doc. 29.) Lowery now seeks to alter or amend that judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure on the basis that (1) prevailing party attorney fees are awarded by the district court not the agency and (2) the judgment should specify an award of post-judgment interest. (Doc. 30.) That motion is granted in part.

Under Montana law, a "prevailing party" in an administrative hearing such as this "may bring an action in district court for attorney fees and costs." Mont. Code Ann. § 49–2–505(8). And, "[t]he court in its discretion may allow the prevailing party reasonable attorney fees and costs." *Id.* Contrary to Sarens'

1

characterization, the Court's remand was not an affirmative exercise of this Court's discretion to not award fees. Rather, the Court remanded the attorney fees question to the agency as part of its general practice of allowing agencies to make all factual determinations in the first instance in administrative review cases. Lowery's brief clarifies, however, that this matter is not one of agency discretion and therefore can and should be decided by this Court in the first instance. In doing so, Lowery is not attempting to "re-hash" a previous argument, but rather gently correct the Court's oversight.

It was this Court's intent that the attorney fees matter be resolved as part of the present litigation. Though the Court's remand does not necessarily amount to "manifest error[] of law or fact" under Rule 59(e) as Lowery suggests, *Hiken v. Dep't of Def.*, 836 F.3d 1037, 1043 (9th Cir. 2016), this error may be addressed under Rule 60(a), *see Garamedni v. Henin*, 683 F.3d 1069, 1089 (9th Cir. 2012) ("Rule 60(a) allows a court to clarify a judgment in order to . . . reflect the necessary implications of the original order, to ensure that the court's purpose is fully implemented, or to permit enforcement.") (internal quotation marks omitted). Amendment in the form of this Court addressing fees is proper under Montana law and will not change the "operative, substantive terms of the original judgment." *See id.* at 1080.

2

Lowery's request for post-judgment interest requires further consideration, however. It is unclear whether her request is better categorized as pre- or post-judgment interest. While interest following this Court's January 8, 2021 Judgment would undisputedly be post-judgment interest, is not clear that either the Hearing Officer's Decision or the Commission's Final Agency Decision are "judgments" for this purpose. Nor has Lowery addressed the application of either of Montana's interest statutes. *See* Mont. Code Ann. §§ 27–1–211, 25–9–204. Determining what type of interest is at issue will impact both Lowery's right to such interest, *see Gendron v. Mont. U. Sys.*, 461 P.3d 115, 122 (Mont. 2020) ("Post-judgment interest is not merely awarded in the discretion of the court, but is a statutory right."), and the applicable rate, *Lagstein v. Certain Underwriters at Lloyd's of London*, 725 F.3d 1050, 1055 (9th Cir. 2013) ("In diversity cases such as this one, the court looks to state law to determine the rate of prejudgment interest while federal law determines the rate of post judgment interest."). The parties are therefore required to brief this issue further.

Accordingly, IT IS ORDERED that Lowery's motion to alter or amend the judgment (Doc. 30) is GRANTED insofar as attorney fees and costs shall be addressed by this Court on separate motion, (*see* Doc. 32), AMENDING the January 8, 2021 Order (Doc. 28) and Judgment (Doc. 29).

3

IT IS FURTHER ORDERED that Sarens shall respond to the pending motion for attorney fees (Doc. 32) on or before February 16, 2021.  Sarens may address the timeliness issue in its response.

IT IS FURTHER ORDERED that both parties shall file briefs not to exceed five pages addressing the interest question on or before February 16, 2021.

DATED this 2nd day of February, 2021.

Donald W. Molloy, District Judge
United States District Court

4